**Opinion filed January 16, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00057-CR

_____

## MICHAEL DWAYNE DYER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No.  CR38696**

## M E M O R A N D U M   O P I N I O N

The jury convicted Michael Dwayne Dyer of the offense of aggravated assault with a deadly weapon.  In accordance with Appellant's plea of true to two enhancement paragraphs, the trial court found the enhancement allegations to be true.  The trial court assessed Appellant's punishment at confinement for twenty-five years, made an affirmative finding regarding the use of a deadly weapon, and sentenced him accordingly.  We affirm.

The evidence shows that, on the night of this offense, Norris and Greselda Saddler were at home watching television with their two children. Norris received a call from his cousin, Michelle Renee Wesley. Wesley said that she and Appellant "had some kind of disagreement" and that "she needed [the Saddlers] to come get her." Wesley and Appellant lived with Appellant's parents.

Appellant knew that the Saddlers were on their way to get Wesley, and he was outside waiting on them when they arrived. As Norris parked across the street, Greselda saw Appellant with a silver handgun, and she quickly got out of the car. Appellant had his finger on the trigger, and he pointed the gun at Greselda, Norris, and their children. Greselda hoped to move the danger away from her children by walking away from the car. After a couple of minutes, she talked Appellant "into going back into his house" by telling him that "this is something he didn't want to do." She testified that, when Appellant "finally went into the house," she called 911. They each gave a statement to police after Appellant had been arrested.

The testimony about which Appellant complains came from Norris. Appellant and Norris were good friends. Norris testified that Appellant telephoned him from the jail on several occasions. He wanted Norris to say that it was all a big misunderstanding and that Appellant had a cell phone in his hand, not a pistol. The last time that Appellant made such a call was the night before the trial was to begin. Appellant had also asked Norris "to pass it on to [Greselda] just to tell the jury and the Court it was a misunderstanding." Appellant explained that "his parents needed him," that he "needed to get out," and that he wanted Norris and Greselda to testify "that it was a cellular phone instead of a gun." Norris did not remember responding, but rather quickly ended the phone call. Norris told the jury that Appellant "had a gun."

2

In one issue on appeal, Appellant contends that the trial court abused its discretion when it permitted "the jury to hear the testimony concerning appellant's alleged crime of tampering with a witness." Appellant complains that the testimony was inadmissible under Rule 404(b) and Rule 403. TEX. R. EVID. 403, 404(b). He argues that the State did not show that there was an exception to the general rule that bars the admission of extraneous offenses. In that same issue, Appellant also complains that the probative value of that evidence was clearly outweighed by the danger of unfair prejudice and that the trial court should have given the jury a limiting instruction in connection with the extraneous offense evidence.

We review a trial court's ruling on admissibility of evidence for an abuse of discretion. *Salazar v. State*, 38 S.W.3d 141, 153 (Tex. Crim. App. 2001). We will uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Id.* at 153–54.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b). The Court of Criminal Appeals has "held that criminal acts that are designed to reduce the likelihood of prosecution, conviction, or incarceration for the offense on trial are admissible under Rule 404(b) as showing 'consciousness of guilt.'" *Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim. App. 1996) (op. on reh'g).

Appellant's first contention is that the State failed to carry its burden "of demonstrating to the trial court that such evidence of an extraneous offense fell within one of the exceptions to the general rule prohibiting the introduction of such evidence." Regardless of whether the State carried its burden, we will uphold the

trial court's ruling if the evidence is admissible under any theory. *See State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000) ("If the trial judge's decision is correct on any theory of law applicable to the case, the decision will be sustained.").

The State argues that the evidence did not show an extraneous offense of witness tampering because there was no coercion or benefit offered to change any witness's testimony. Under the Texas Penal Code, a person is guilty of tampering with a witness when he confers a benefit in exchange for testimony or coerces a witness to testify falsely. TEX. PENAL CODE ANN. § 36.05(a)(1) (West Supp. 2013). To constitute coercion, there must be a threat. *See id.* § 1.07(9). Here, the testimony shows that Appellant called and asked Norris to change his testimony and also asked Norris to get Greselda to change her testimony, but there is no evidence that he threatened Norris or that he offered a benefit in exchange for Norris's testimony. When Norris was asked whether Appellant said anything else, Norris said, "That's the only thing he said, just to say all this was a big under -- misunderstanding." Without evidence of a benefit or coercion, this conduct would not rise to the level of witness tampering.

Based on the record before us in this case, we cannot conclude that the trial court abused its discretion when it admitted testimony showing that Appellant called Norris and asked him to change his testimony. Even if it did rise to the level of witness tampering, the testimony showing that Appellant told the Saddlers to tell the jury that Appellant was holding a cell phone instead of a gun was admissible as evidence of consciousness of guilt. *See Wilson v. State*, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999) ("[A]n attempt to tamper with a witness is evidence of 'consciousness of guilt.'").

Appellant also complains that "the probative value of such evidence was substantially outweighed by the danger of unfair prejudice." Appellant contends

4

that "the State had ample evidence . . . to show that appellant pointed a handgun at Greselda Saddler" and that the evidence was not "particularly compelling" because "every witness to the events testified that appellant utilized a handgun on the date in question." After detailing the evidence admitted at trial, Appellant argues that, "[w]ith such an abundance of evidence, there was no true need for the State to utilize the alleged telephone conversation" that occurred between Appellant and Norris on the eve of trial. The State argues that, even if there is a danger of unfair prejudice, it does not *substantially* outweigh the probative value.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. The Court of Criminal Appeals has held that "the probative value of a crime showing 'consciousness of guilt' may outweigh its prejudicial impact." *Ransom*, 920 S.W.2d at 299 (citing *Havard v. State*, 800 S.W.2d 195, 203 (Tex. Crim. App. 1989)).

The record in this case supports the trial court's determination that the probative value of the testimony was not substantially outweighed by the danger of unfair prejudice. Appellant fails to explain how the evidence is unfairly prejudicial. Based on the record before us, we cannot conclude that the trial court abused its discretion when it admitted evidence of the phone calls Appellant made to Norris. Even if we assume error, any error was harmless because, as Appellant states, the evidence of his guilt was abundant.

Appellant also complains that the trial court failed to present a limiting instruction to the jury in connection with the complained-of evidence. In addition to what we have stated above, Appellant failed to request such an instruction in the trial court, and he has waived it. TEX. R. APP. P. 33.1. Furthermore, the trial court is not required to give such an instruction absent a specific request for it. *See*

5

*Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). Appellant's sole issue is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

January 16, 2014

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.